STATE, *ex rel.* GEORGE P. GARRETT, v. C. M. GAY, as Clerk of the Circuit Court, Orange County

183 So. 463.
Opinion Filed September 15, 1938.

*George P. Garrett,* for Relator;
*Tilden, Hays & Walker* and *W. H. Poe,* for Respondent.

TERRELL, J.—This case is similar to Leatherman, *et al.,* v. State, *ex rel.* Somerset Company, decided this date. In the latter case, the Clerk of the Circuit Court made a sale of tax certificates in 1938, under Chapter 18296, Acts of 1937, which had been dealt with under Chapter 16252, Acts of 1933, but refused to receipt for 1937 and 1938 taxes. The relator filed his petition for alternative writ of mandamus praying that the Clerk be required to so receipt him.

In the instant case, the alternative writ alleges that all State and county taxes were paid on the lands in question up to but not including the year 1933, that the taxes for

said year were assessed and became due April 1, 1934, that said lands should have been sold during the year 1934 for the non-payment of State and county taxes for the year 1933 and certificate issued to the State Treasurer or the purchaser at the sale, but the Tax Collector failed and neglected to make such sale and as a result no certificate was or has been issued to anyone.

Under this state of facts, Relator applied to Respondent as Clerk of the Circuit Court of Orange County for the sale of said taxes as "subsequently omitted and levied taxes for the year 1933" under Chapter 18296, Acts of 1937. Respondent refusing to comply with said request, this proceeding in mandamus was instituted seeking to coerce its performance.

The question presented is whether or not sales of taxes or the lien created thereby can be made under Chapter 18296, Acts of 1937, when the Tax Collector fails to make sale and issue certificate at the time required by law though it is shown that the taxes were properly assessed. In other words, is a duly issued certificate a prerequisite to sale under Chapter 18296, Acts 1937?

Relator contends that this question should be answered in the affirmative and relies on the provisions of Section 8, Chapter 18296, Acts of 1937, and Section 1 of Chapter 16252, Acts of 1933, as amended by Chapter 17400, Acts of 1935, to support his contention.

The latter Act applies to certificates and liens for delinquent taxes for the year 1933 and previous years. Section 8 of Chapter 18296, applies to certificates or subsequently omitted and levied taxes, that have been dealt with under Chapter 16252, Acts of 1933. It appears admitted that the lands and subsequently omitted taxes brought in question have been dealt with under Chapter 16252, Acts of 1933.

Section 8 of Chapter 18296, Acts of 1937, and Chapter 16252, Acts of 1933, as amended by Chapter 17400, Acts of 1935, both apply to certificates and liens or subsequent omitted taxes. It is admitted that the taxes for 1933 were regularly imposed and not paid and that no sale was made. The statute makes them a lien which was subject to sale under Chapter 18296, Acts of 1937, so the requested sale should have been made.

As indicated by the return, the Clerk's reason for declining to make the sale was that no certificate had been issued. This is true, but the taxes were assessed, the law made them a lien which is subject to sale in the manner requested. The status of the mortgagee who purchased other certificates outstanding against the lands is not considered or adjudicated.

Motion for peremptory writ is granted.

It is so ordered.

ELLIS, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

BROWN and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—I dissent in this case for the reason stated by me for dissenting in the case of Leatherman, *et al.*, v. State, *ex rel.* Somerset Co. Opinion filed this term.